**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RENGHAI YU,

               Petitioner,

     v.

ERIC H. HOLDER, Jr., Attorney General,

               Respondent.

No. 10-70631

Agency No. A095-291-092

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 6, 2013
Pasadena, California

Before: NOONAN and WATFORD, Circuit Judges, and SMITH, Chief District Judge.[**]

     Petitioner Renghai Yu, a native and citizen of China, appeals the decision of

the Board of Immigration Appeals ("BIA") denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. The BIA's factual findings

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The Honorable William E. Smith, Chief District Judge for the U.S. District Court for the District of Rhode Island, sitting by designation.

are reviewed for substantial evidence, while questions of law are reviewed de novo. *Zhang v. Gonzales*, 408 F.3d 1239, 1244 (9th Cir. 2005). We deny Yu's petition, as he has established neither past persecution nor a well-founded fear of future persecution.

**1.** Substantial evidence supports the BIA's finding that Yu did not suffer past persecution on the basis of his political opinion. Although his wife's forced sterilization serves as some proof that Yu suffered persecution on account of China's coercive population control policy under section 101(a)(42) of the Immigration and Nationality Act, *Matter of J-S-*, 24 I. & N. Dec. 520, 535 (AG 2008), the fact that Yu argued with family planning officials, was threatened with arrest, and paid a 9000 RMB fine, without more, is not enough to establish past persecution. *See Jiang v. Holder*, 611 F.3d 1086, 1095-96 (9th Cir. 2010). This is especially so in light of the fact that Yu continued to live and work in China without incident for almost ten years after his wife's sterilization.

Nor can Yu maintain an asylum claim on the basis of a well-founded fear of future persecution. Although Chinese family planning authorities still ask Yu's wife of his whereabouts, Yu's wife and children continue to live in China, and there is no evidence that the authorities have tried to collect the outstanding 10,000

2

RMB fine from his family or subject them to harassment. Accordingly, Yu's fear of future persecution is not objectively reasonable.

**2.** Because Yu failed to satisfy the lower standard of proof for asylum, it necessarily follows that he also failed to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**3.** As for Yu's CAT claim, Yu's ability to continue living in China for almost ten years following his wife's sterilization belies his claim that he will more likely than not be tortured if returned to China. The ten years he spent living unmolested in China after the sterilization suggest that internal relocation within China is possible to avoid future torture. 8 C.F.R. § 208.16(c)(3)(ii); *see also Kamalthas v. INS*, 251 F.3d 1279, 1282 (9th Cir. 2001).

**PETITION FOR REVIEW DENIED.**